IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| CRAIG and TERESA BARNARD, and BRADY BARNARD, | Case No. 17CV33209 |
| Plaintiffs, | **SUMMONS** |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

**TO:  STATE FARM FIRE AND CASUALTY COMPANY**
CORPORATION SERVICE COMPANY
C/O Public Affairs
550 Hawthorne Av SE
Salem, OR 97301
United States

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, Plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT:  READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within

Page 1 - COMPLAINT

Exhibit A

Page 1 of 17

**SHENKER & BONAPARTE, LLP**
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net

30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiffs' attorney or, if the plaintiffs do not have an attorney proof of service upon the plaintiffs.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

DATED this \_\_2\_\_th day of August, 2017.

SHENKER & BONAPARTE, LLP

By:_____
Robert E.L. Bonaparte, OSB #883411
Of Attorneys for Plaintiffs

STATE OF OREGON    )
                   ) ss.
County of Multnomah )

I, the undersigned attorney of record for the plaintiffs, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

By:_____
Robert E.L. Bonaparte, OSB #883411

\* \* \*

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a separate document which you shall attach hereto.

By:_____
Robert E.L. Bonaparte, OSB #883411

Page 2 - COMPLAINT

SHENKER & BONAPARTE, LLP
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net

30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiffs' attorney or, if the plaintiffs do not have an attorney proof of service upon the plaintiffs.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

DATED this 2th day of August, 2017.

SHENKER & BONAPARTE, LLP

By: _____
Robert E.L. Bonaparte, OSB #883411
Of Attorneys for Plaintiffs

STATE OF OREGON    )
                   ) ss.
County of Multnomah )

I, the undersigned attorney of record for the plaintiffs, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

By: _____
Robert E.L. Bonaparte, OSB #883411

\* \* \*

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a separate document which you shall attach hereto.

By: _____
Robert E.L. Bonaparte, OSB #883411

Page 2 - COMPLAINT

Exhibit A

Page 3 of 17

SHENKER & BONAPARTE, LLP
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| CRAIG and TERESA BARNARD, and BRADY BARNARD,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**(Breach of Insurance Contract; Tortious Interference with Business Relationships; Negligence; Negligent Misrepresentation; Intentional Misrepresentation; Bad Faith and Unfair Dealing; Intentional Infliction of Emotional Distress; Conversion)**<br><br>JURY TRIAL REQUESTED<br><br>PRAYER AMOUNT: $1,500,000<br><br>FEE AUTHORITY:  ORS 21.160(1)(d) |

## FIRST CLAIM
### (Breach of Contract)
## COUNT ONE
### (Breach of Express Contract)
## PARTIES

1.　Plaintiffs Craig and Teresa Barnard are, and at all material times mentioned herein were, the owners of property located at 4155 Melissa

Page 1 - COMPLAINT

Exhibit A

Page 4 of 17

**SHENKER & BONAPARTE, LLP**
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net

Drive, Lake Oswego, Oregon (the "property"). Plaintiff Brady Barnard is plaintiffs' 19-year-old disabled son.

2. Defendant is, and at all material times mentioned herein was, a corporation authorized to transact and transacting insurance in the state of Oregon.

3. State Farm issued a homeowners insurance policy (No. 37-CJ-9638-7) to plaintiffs (the "policy"). The policy was issued for valuable consideration in the form of policy premiums, which were paid by plaintiffs.

4. Pursuant to the policy, defendant insured plaintiffs' property and agreed to pay for certain losses, including, but not limited to, structure damage, loss of personal property, and additional living expense ("ALE").

5. While the policy was in force, on or about August 14, 2015, an accidental water loss caused structure damage, loss of personal property, and ALE.

6. The losses suffered by plaintiffs fall within the coverage of defendant's policy. Pursuant to the terms of the policy, plaintiffs sought payment from defendant for all their damages. Defendant has refused to pay all of plaintiffs' damages.

7. Defendant's denial and refusal to pay all of plaintiffs' damages constitutes a breach of the insurance contract.

8. As a result of defendant's breach of contract, plaintiffs have been damaged in the amount of $1,500,000 for structure damage and loss, damage to contents, and ALE.

9. Plaintiffs are entitled to attorney fees under O.R.S. 742.061.

///
///

Page 2 - COMPLAINT

Exhibit A
Page 5 of 17

**SHENKER & BONAPARTE, LLP**
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net

## COUNT TWO
## (Breach of Implied Covenant)

10. The allegations in paragraphs 1-9 are incorporated herein by reference.

11. Defendant failed to make payment, refused to make payment, and delayed payment for the water loss in violation of the policy of insurance, thus causing damages to plaintiffs.

12. Defendant violated the implied covenant of good faith and fair dealing in failing properly to investigate the loss, adjust the claim, and pay plaintiffs for losses sustained as a result of the incident, causing damages to plaintiffs:

   a. In 1999, plaintiffs purchased a "Street of Dreams" home (built in 1988) at 4155 Melissa Drive in Lake Oswego, Oregon.

   b. Following their purchase, plaintiffs conducted at least $250,000 in renovations and upgrades, including new kitchen, new cabinets, and new bathrooms.

   c. On or about August 14, 2015, the failure of an under-the-kitchen-sink water heater manufactured by Emerson resulted in a water loss that caused extensive damage to plaintiffs' structure and contents, and rendered plaintiffs' home uninhabitable.

   d. Plaintiffs promptly reported the loss, and thereby provided proof of loss under Oregon law.

   e. State Farm arranged for Servpro of Lake Oswego to conduct mitigation of the water loss. Servpro of Lake Oswego brought untrained people to the site, and caused further damage during four or five days at the loss site.

Page 3 - COMPLAINT

Exhibit A

Page 6 of 17

**SHENKER & BONAPARTE, LLP**
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net

f. Defendant's claim representative James Lively inspected four or five days after the loss, and informed plaintiffs that he: (i) was "not supposed to do this;" (ii) "will deny it if it ever comes up;" (iii) "always carries tools in his car;" and (iv) "needed to take the water heater with him." James Lively then removed the water heater that caused the loss, and compromised the key evidence in connection with the product liability claim against the manufacturer.

g. Plaintiffs then terminated Servpro of Lake Oswego and hired Servpro of Tualatin to take over the mitigation.

h. State Farm brought construction inspector Douglas Dick to inspect the home and water in the basement. Douglas Dick determined that water in the basement was not an independent "second loss," as improperly claimed by State Farm, but in fact related to the August 14, 2015 loss. State Farm rejected the conclusions of its own inspector.

i. State Farm assigned adjuster Michael Sabatino to the loss after approximately two weeks. Michael Sabatino initially refused plaintiffs' request for substitute housing despite the removal of plaintiffs' kitchen.

j. Plaintiffs informed State Farm's adjuster Michael Sabatino that their son Brady Barnard suffers from a medical condition called Q 22 Velo Cardio Facial Syndrome and treats at OHSU. State Farm's adjuster demanded a letter from OHSU documenting Brady's disability prior to authorizing housing, which was delayed until November 18, 2015.

Page 4 - COMPLAINT

Exhibit A
Page 7 of 17

SHENKER & BONAPARTE, LLP
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net

k. As a result of defendant's actions, plaintiff Teresa Barnard has experienced vertigo, onset of skin rash, tachycardia, and stress related panic attacks.

l. Plaintiffs hired METKE Remodeling to conduct repairs. State Farm's adjuster Michal Sabatino refused to pay METKE's charges and effectively compelled plaintiffs to terminate METKE, informing plaintiffs that they "would be left holding the bag if they continued with them."

m. State Farm hired Harry Shook as its construction advisor, even though he is not licensed in Oregon and is not allowed to give any construction related advice in Oregon.

n. On February 12, 2016, Michael Sabatino's supervisor Steve Hykal threatened plaintiff Teresa Barnard that her State Farm agency could be terminated by her pursuit of the claim, stating that she was "crossing the line with her agency."

o. State Farm made chronic underpayments to plaintiffs, forcing plaintiffs to cease repairs and absorb further loss.

p. State Farm informed plaintiffs that Horizon Restoration would visit the site to provide an estimate, but Horizon Restoration never showed up. Instead, State Farm provided a grossly inaccurate repair estimate in disregard of the local area material and labor costs.

q. Brady Barnard has suffered anorexia induced by stress in not being able to return to his home environment.

r. Plaintiffs' contractor Paul Marto has determined the home is a tear-down and re-build because of the water loss, and has

Page 5 - COMPLAINT

Exhibit A

Page 8 of 17

**SHENKER & BONAPARTE, LLP**
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net

estimated the cost to replace with like kind and quality at $1,600,000.

    s. More than six months have passed since defendant's inspection and plaintiffs' submission of proof of loss.

    t. Defendant has breached the contract by refusing to pay for all damages.

    u. Plaintiffs have supplied all appropriate information and documentation.

13. It was foreseeable to defendant that if it breached its obligations under the insurance policy, plaintiffs would suffer damages.

14. As a result of the breach of contract by defendant, plaintiffs have suffered damages as set forth in paragraph 8.

## SECOND CLAIM FOR RELIEF
### (Tortious Interference with Business Relationships)

15. The allegations in paragraphs 1-14 are incorporated herein by reference.

16. Plaintiff Craig Barnard is in the real estate business and plaintiff Teresa Barnard owns a State Farm insurance agency.

17. State Farm owed a special duty of good faith and fair dealing to plaintiffs as its insureds. This duty requires the insurer to honor with reasonable promptness meritorious claims arising under the policy.

18. State Farm has wrongfully withheld payment on plaintiffs' meritorious claim by the use of improper means, including the assertion of defenses to coverage that are not supported by fact or law and are not asserted with a good faith belief in their validity.

Page 6 - COMPLAINT

Exhibit A

Page 9 of 17

SHENKER & BONAPARTE, LLP
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net

19. As a result of State Farm's wrongful conduct, plaintiffs have been unable to conduct their business and have suffered interference in their business.

20. State Farm intentionally, willfully, and recklessly has interfered with plaintiffs' business relationships.

21. As a direct and proximate result of State Farm's wrongful conduct, which was neither justified nor privileged, plaintiffs have suffered damages.

22. By reason of the foregoing, plaintiffs are entitled to recover compensatory damages in an amount not less than $1,000,000, and plan to amend to claim punitive damages.

### THIRD CLAIM FOR RELIEF
### (Negligence)

23. The allegations in paragraphs 1-22 are incorporated herein by reference.

24. Defendant has hired contractors and has directed the attempted restoration of the contents, and has forced the firing of contractors.

25. The restoration work done at the direction of defendant was done negligently, as follows:

   a. On August 14, 2015, plaintiffs' dwelling and contents were severely damaged by water.

   b. Defendant's adjuster represented to plaintiffs that: (i) State Farm has certain contractors that it recommends; (ii) State Farm does extensive background checks on all its contractors prior to recommending them; (iii) State Farm has sufficient confidence in its contractors that State Farm provides a guarantee of its

Page 7 - COMPLAINT

Exhibit A
Page 10 of 17

SHENKER & BONAPARTE, LLP
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net

      contractors' work; (iv) time is of the essence in cleaning damaged items; and (v) plaintiffs should promptly select a State Farm contractor.

    c. State Farm's recommended contractor Servpro of Lake Oswego ("Lake Oswego Servpro") met with plaintiffs at the property, and represented that it was important to start the cleaning and restoration process immediately.

    d. State Farm's recommended contractor Lake Oswego Servpro brought untrained people to the site and caused further damage.

    e. Plaintiffs were compelled to terminate State Farm's recommended contractor Lake Oswego Servpro, and to hire Servpro of Tualatin.

26. Defendant was well aware of the potential that improper mitigation of the residence would subject the structure and contents to continuing damage and deterioration, and result in a smell present in the house adversely affecting the house and the health of plaintiffs, thereby causing economic and physical damage to plaintiffs.

27. As a result of the conduct of defendant, the structure and contents have become subject to further damage and deterioration, and plaintiffs have suffered the damages set forth in paragraph 8.

28. Defendant acted with careless and outrageous indifference to the risk of harm and with a conscious indifference to the health, safety and welfare of plaintiffs and others.

///

///

///

Page 8 - COMPLAINT

Exhibit A

Pgae 11 of 17

**SHENKER & BONAPARTE, LLP**
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net

## FOURTH CLAIM FOR RELIEF
### (Negligent Misrepresentation)

29. The allegations of paragraphs 1-28 are incorporated herein by reference.

30. During its claims handling and restoration work, defendant supplied material false information for the guidance of plaintiffs. In the course of supplying such information, defendant was assisting and acting on plaintiffs' behalf, and plaintiffs were relying on defendant's professional expertise. Therefore, defendant owed plaintiffs a duty of care independent of the contract.

31. Defendant failed to exercise reasonable care or competence in communicating or failing to communicate true and accurate material information to plaintiffs.

32. Plaintiffs, based on their professional business relationships with defendant, had a reasonable expectation that the information supplied by defendant would be truthful and accurate. Defendant was manifestly aware, based on its purported expertise and in its previous course of dealing with plaintiffs, of the use to which information was to be put by plaintiffs. Defendant intended to supply the information for such use.

33. Plaintiffs justifiably relied upon defendant's material and false information in the reasonable conduct of plaintiffs' financial affairs.

34. Defendant's false information was the direct and foreseeable cause of damage to plaintiffs as specified in paragraph 8.

///
///
///

Page 9 - COMPLAINT

Exhibit A

Page 12 of 17

SHENKER & BONAPARTE, LLP
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net

## FIFTH CLAIM FOR RELIEF
## (Intentional Misrepresentation)

35. The allegations in paragraphs 1-34 are incorporated herein by reference.

36. On or about August 14, 2015, and continuing throughout the adjustment of the loss, defendant, though its agents, intentionally or recklessly made representations directly to plaintiffs as set forth in paragraphs 12 and 25.

37. Defendant knew that its representations were false when made, and defendant knew and intended that plaintiffs rely on such false representations.

38. Plaintiffs reasonably believed and justifiably relied on defendant's false representations.

39. The false representations were material and induced plaintiffs to proceed as directed by defendant.

40. As a direct result of defendant's false representations, plaintiffs have suffered the damages set forth in paragraph 8.

41. Defendant's false representations were willful, wanton, and committed with malice, in disregard of societal norms, and were made with reckless disregard of the rights of plaintiffs. Plaintiffs plan to amend to claim punitive damages.

## SIXTH CLAIM FOR RELIEF
## (Bad Faith and Unfair Dealing)

42. The allegations in paragraphs 1-41 are incorporated herein by reference.

Page 10 -   COMPLAINT

Exhibit A

Page 13 of 17

SHENKER & BONAPARTE, LLP
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net

43. Defendant owed to plaintiffs a duty of good faith in claims handling, independent of the policy contract.

44. Defendant breached its duty.

45. As a direct result of defendant's breach of its duty of good faith, plaintiffs have suffered the damages set forth in paragraph 8.

46. Defendant's breach was willful, wanton, and committed with malice, in disregard of societal norms, and were made with reckless disregard of the rights of plaintiffs. Plaintiffs plan to amend to claim punitive damages.

## SEVENTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

47. The allegations in paragraphs 1-46 are incorporated herein by reference.

48. Defendant owed a special duty of good faith and fair dealing to plaintiffs, its insureds. This duty requires the insurer to honor with reasonable promptness meritorious claims arising under the policy.

49. Defendant has known of plaintiffs' susceptibility to emotional distress since its agent's initial sale and subsequent renewals of the policy to plaintiffs through the time of the loss. Defendant also knew that plaintiff Brady Barnard suffered from a serious medical condition.

50. Defendant intended to and did cause plaintiffs emotional distress, and committed the following outrageous acts in furtherance of such intent:

   a. Defendant knew it owed plaintiffs money when plaintiffs promptly reported the damage to their home, and defendant

Page 11 - COMPLAINT

Exhibit A

Page 14 of 17

SHENKER & BONAPARTE, LLP
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net

       admitted to plaintiffs there was damage to the home and contents.

   b. Defendant knew it owed plaintiffs substantial money for restoration and repair, but constructively denied coverage.

   c. Defendant did not promptly pay plaintiffs the money that defendant knew it owed plaintiffs but instead has delayed for over 24 months.

   d. Defendant knew that its delay would result in plaintiffs being forced to live in substandard housing for over 24 months.

   e. Defendant was well aware of the potential that improper restoration of the structure and contents of the residence would subject the structure and contents to continuing damage and deterioration, and result in a smell present in the house adversely affecting the house and the health of plaintiffs, thereby causing economic and physical damage to plaintiffs.

51. As a result of said actions, plaintiffs suffered severe nervous and emotional trauma and stress due to defendant's intentional delay in repairing the home and refusal to restore plaintiffs' damaged contents. Plaintiffs claim $1,000,000 in noneconomic damages.

52. Defendant's actions have been in wanton, willful disregard of social norms and standards, and in some cases, calculatingly malicious. Plaintiffs plan to amend to claim punitive damages.

///

///

///

///

Page 12 -   COMPLAINT

Exhibit A

Page 15 of 17

**SHENKER & BONAPARTE, LLP**
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net

## EIGHTH CLAIM FOR RELIEF
## (Conversion)

53.  The allegations in paragraphs 1-52 are incorporated herein by reference.

54.  Defendant's claim representative James Lively intentionally exercised dominion over the hot water heater that caused the loss and interfered with plaintiffs' right to control it. Defendant's interference compromised critical evidence in connection with the product liability claim against the manufacturer.

WHEREFORE, plaintiffs pray for relief from defendant as follows:

(a) On the FIRST CLAIM FOR RELIEF:  For damages in the amount of $1,500,000;

(b) On the SECOND CLAIM FOR RELIEF:  For compensatory damages in the amount of $1,000,000;

(c) On the THIRD CLAIM FOR RELIEF:  For damages in the amount of $1,500,000;

(d) On the FOURTH CLAIM FOR RELIEF:  For damages in the amount of $1,500,000;

(e) On the FIFTH CLAIM FOR RELIEF:  For compensatory damages in the amount of $1,500,000;

(f) On the SIXTH CLAIM FOR RELIEF:  For compensatory damages in the amount of $1,500,000;

(g) On the SEVENTH CLAIM FOR RELIEF:  For compensatory damages in the amount of $1,000,000;

(h) On the EIGHTH CLAIM FOR RELIEF:  For compensatory damages in the amount of $1,000,000;

Page 13 -    COMPLAINT

Exhibit A

Page 16 of 17

**SHENKER & BONAPARTE, LLP**
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

(i) For prejudgment interest at the legal rate from August 14, 2015;

(j) For plaintiffs' attorney fees, costs and disbursements herein; and

(k) For such other relief as the court deems just and proper.

DATED this 2nd day of August, 2017.

SHENKER & BONAPARTE, LLP

By _____/s/ Robert E.L. Bonaparte_____
Arden E. Shenker, OSB No. 620826
Robert E.L. Bonaparte, OSB No. 883411
Telephone: (503) 242-0005
Facsimile: (503) 323-7360

Attorneys for Plaintiffs Craig and Teresa Barnard, and Brady Barnard

Trial Attorneys:
Arden E. Shenker, OSB No. 620826
Robert E.L. Bonaparte, OSB No. 883411

Page 14 - COMPLAINT

Exhibit A

Page 17 of 17

SHENKER & BONAPARTE, LLP
1500 SW FIRST AVENUE, SUITE 765
PORTLAND, OR 97201
TELEPHONE (503) 242-0005
FACSIMILE (503) 323-7360
WEBSITE: www.bb-law.net